# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** No. 16-3326

**Caption [use short title]**

**Motion for:** Dismissal on behalf of Plaintiff-Appellant-Cross-Appellee

John S. Pereira, as Chapter 7 Trustee for the estate of Thomas R. Heavey,
Plaintiff-Appellant-Cross-Appellee,
v.
397 Realty LLC,
Defendant-Appellee-Cross-Appellant

**Set forth below precise, complete statement of relief sought:**

Plaintiff-Appellant-Cross-Appellee requests dismissal of Cross-Appeal

**MOVING PARTY:** Plaintiff-Appellant-Cross-Appellee  **OPPOSING PARTY:** Defendant-Appellee-Cross-Appellant

☐ Plaintiff ☐ Defendant
☑ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** John P. Campo, Esq.  **OPPOSING ATTORNEY:** David H. Singer, Esq.

[name of attorney, with firm, address, phone number and e-mail]

John P. Campo, Esq.
Akerman LLP, 666 Fifth Avenue, New York, NY 10103
(212) 880-3800  john.campo@akerman.com

David H. Singer & Associates, LLP
233 Broadway, Suite 810, New York, NY 10279
(212) 233-8800

**Court-Judge/Agency appealed from:** U.S. District Court - EDNY - Brian M. Cogan

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this Court? ☐ Yes ☐ No
Requested return date and explanation of emergency:_____

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No  If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ John P. Campo  **Date:** December 6, 2016  **Service by:** ☑ CM/ECF ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

No. 16-3326

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

In re:

THOMAS R. HEAVEY

JOHN S. PEREIRA, AS CHAPTER 7 TRUSTEE
FOR THE ESTATE OF THOMAS R. HEAVEY,

*Plaintiff-Appellant-Cross-Appellee,*

v.

397 REALTY LLC,

*Defendant-Appellee-Cross-Appellant.*

On Appeal from the United States District Court
Eastern District of New York
(Honorable Brian M. Cogan)

[District Court No. 1:16-cv-01665-BMC]

**MOTION TO DISMISS CROSS-APPEAL AS UNTIMELY**

John P. Campo
AKERMAN LLP
666 Fifth Avenue
New York, New York 10103
Tel.: (212) 880-3800
Fax.: (212) 259-7189
*Attorneys for Plaintiff-Appellant-Cross-Appellee*

Plaintiff-Appellant-Cross-Appellee, John S. Pereira, as chapter 7 trustee (the "Trustee" or "Plaintiff-Appellant") for the estate of Thomas R. Heavey (the "Debtor"), moves to dismiss Defendant-Appellee-Cross-Appellant 397 Realty LLC's ("Defendant-Appellee") cross-appeal pursuant to Fed. R. App. P. 4(a)(3) because the Notice of Cross-Appeal was untimely filed. In further support, Plaintiff-Appellant states the following:

# I

# INTRODUCTION

This cross-appeal is untimely, and this defect cannot now be cured. The district court entered its "Summary Disposition of Bankruptcy Appeal" on August 13, 2016, and the judgment was entered by the Clerk of the Court on August 18, 2016. Plaintiff-Appellant timely filed its Notice of Appeal on September 12, 2016. Defendant-Appellee therefore had fourteen days to cross-appeal—or until September 26, 2016. Defendant-Appellee filed its Notice of Cross-Appeal on September 27, 2016, and because the cross-appeal was untimely, it must be dismissed. Because Defendant-Appellee filed to timely file the cross-appeal in accordance with the Federal Rules of Appellate Procedure, this Court must dismiss the cross-appeal.

## II

## STATEMENT OF FACTS

The Debtor filed the instant bankruptcy case under chapter 7 on December 9, 2014 (the "Petition Date").

On June 8, 2015, the Trustee commenced this adversary proceeding on the grounds that because the Defendant-Appellee's judgment lien had expired as of the Petition Date, the Defendant-Appellee's judgment lien is avoidable by the Trustee and preserved for the benefit of the Debtor's estate.

On the petition date, and up until June 10, 2015, a search of the Kings County judgment docket revealed that an order from the Supreme Court, New York County, extending the lien pursuant to CPLR § 5203 (the "Extension Order") had not been docketed. Defendant-Appellee subsequently caused the Kings County Clerk to enter the Extension Order in the Kings County Clerk's judgment docket *after* the Petition Date and the commencement of the Trustee's adversary proceeding.

The Trustee amended his complaint in the adversary proceeding in June, 2015 to assert that Defendant-Appellee's above-described actions violated the automatic stay, warranting sanctions, and that the post-petition docketing of the Extension Order constituted an avoidable post-petition transfer.

The Trustee subsequently moved for summary judgment on the grounds that the Defendant-Appellee's judgment lien on the property expired before the Petition Date and had not been successfully extended because although the Defendant-Appellee obtained the Extension Order, the Kings County Clerk's judgment docket contained no entry of that order as of the Petition Date. The Trustee also contends that Defendant-Appellee's post-petition actions, which resulted in the Kings County Clerk docketing the Extension Order, violated the automatic stay provided by § 362(a)(4).

The Defendant-Appellee cross-moved for summary judgment dismissing the complaint, alleging that the Trustee could not avoid the lien because he had constructive notice of the Extension Order due to the duty of inquiry that a theoretical bona fide purchaser of real property would have had after examining the Kings County Clerk's records.

On March 31, 2016, the Bankruptcy Court for the Eastern District of New York (Lord, J) (the "Bankruptcy Court") issued an order granting Plaintiff-Appellant's motion for summary judgment on all issues, denying Defendant-Appellee's cross-motion for summary judgment dismissing the complaint, and awarding judgment in favor of Plaintiff-Appellant against Defendant-Appellee. [Docket #1].

3

On April 5, 2016, Defendant-Appellee appealed to the United States District Court for the Eastern District of New York (Cogan, J.) (the "District Court"), challenging the Bankruptcy Court's decision. [Docket #1].

On August 13, 2016, the District Court affirmed the Bankruptcy Court's decision declaring the lien void, but reversed the Bankruptcy Court's decision regarding violation of the automatic stay reasoning that Defendant-Appellee's "act" was not one to "perfect, extend, or revive" a lien, and entered the Summary Disposition of Bankruptcy Appeal and Judgment (the "Decision"). [Docket #11]. The District Court's Decision was entered on the docket on August 13, 2016, and the judgment was entered on August 18, 2016. [Docket #12].

On September 12, 2016, Plaintiff-Appellant filed a Notice of Appeal to the United States Court of Appeals for the Second Circuit. *See* Exhibit A, Plaintiff-Appellant's Notice of Appeal, dated 9/12/16. [Docket #13].

On September 27, 2016, Defendant-Appellee filed a Notice of Cross-Appeal to the United States Court of Appeals for the Second Circuit. *See* Exhibit B, Defendant-Appellee's Notice of Cross-Appeal, dated 9/27/16. [Docket #14].

# III

# ARGUMENT

### A. The Cross-Appeal Is Untimely And It Should Be Dismissed Without Delay

Under the Federal Rules of Appellate Procedure, "[i]f one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within [thirty days after entry of judgment], whichever period ends later." *See* Fed. R. App. P. 4(a)(3); *see also In re Johns-Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007) (granting motion to dismiss cross-appeal filed one-day late as untimely under Fed. R. App. P. 4(a)(3)). This time limit is mandatory, if an opposing party properly objects to the untimeliness of the appeal, the court must apply the time limitation and dismiss the appeal. *See Jordan v. Verizon Corp.,* 391 Fed.Appx. 10, 11 (2d Cir. 2010).

Here, the District Court issued its Decision on August 13, 2016. [Docket #11]. The Clerk of the Court entered a separate judgment on August 18, 2016 in satisfaction of Fed. R. Civ. P. 58(a), which dictates that a judgment must be set out in a separate document. [Docket #12]. The deadline for either party to appeal was September 19, 2016. Plaintiff-Appellant timely filed its Notice of Appeal on September 12, 2016. Defendant-Appellee missed the September 19, 2016 deadline, and therefore its deadline to file a Notice of Cross-Appeal was September 26, 2016 – fourteen (14) days after Plaintiff-Appellant filed its Notice of Appeal.

5

No cross-appeal was filed until September 27, 2016. *See* Exhibit A. Failing to file within the deadline is dispositive. The Court must now dismiss the cross-appeal as untimely.

## IV

## CONCLUSION

For the above reasons, Plaintiff-Appellant requests that this Court dismiss this cross-appeal.

Respectfully submitted,

Dated: New York, New York
        December 6, 2016

/s/ John P. Campo
John P. Campo
AKERMAN LLP
666 Fifth Avenue
New York, New York 10103
Tel.: (212) 880-3800
Fax.: (212) 259-7189
*Attorneys for Plaintiff-Appellant-Cross-Appellee*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of December 2016 a true and correct copy of the foregoing has been furnished via U.S. Mail and E-Mail to all parties below.

David H. Singer, Esq.
DAVID H. SINGER & ASSOCIATES, LLP
233 Broadway, Suite 810
New York, New York 10279
Tel.: (212) 233-8800
Fax.: (212) 385-4870
*Attorney for Defendant-Appellant*

                                                               /s/ John P. Campo
                                                               John P. Campo

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
In re: : Chapter 7
: Case No. 14-46201 (NHL)
THOMAS R. HEAVEY, :
:
Debtor. :
:
----------------------------------------------------------- x
JOHN S. PEREIRA, as chapter 7 trustee for the : Civil Case No. 16 Civ. 1665 (BMC)
estate of Thomas R. Heavey, :
: Appeal Arising from Ch. 7 Case No. 14-
Plaintiff-Appellee, : 46201 (NHL) and Adv. No. 15-01064
: (NHL)
v. :
:
397 REALTY LLC, :
:
Defendant-Appellant. :
----------------------------------------------------------- x

## NOTICE OF APPEAL

PLEASE TAKE NOTICE that Plaintiff-Appellee John S. Pereira, as chapter 7 trustee for the estate of Thomas R. Heavey in the above-captioned proceeding, hereby appeals to the United States Court of Appeals for the Second Circuit from that portion of the *Summary Disposition of Bankruptcy Appeal* [Dkt. No. 11] and that portion of the *Judgment* [Dkt. No. 12] entered in this action on August 13, 2016 and August 18, 2016, respectively, to the extent such decision and judgment reversed the order and judgment of the United States Bankruptcy Court for the Southern District of New York with respect to the automatic stay. Copies of the Summary Disposition and Judgment are attached hereto as Exhibits A and B, respectively.

29159749v3

| | |
|---|---|
| Dated: New York, New York<br>September __, 2105 | **TROUTMAN SANDERS LLP**<br><br>By: ___/s/ John P. Campo___<br>John P. Campo<br>875 Third Avenue<br>New York, New York 10022<br>Tel.: (212) 704-6075<br>Fax: (212) 704-5966<br><br>*Attorneys for Plaintiff-Appellee John S. Pereira as Chapter 7 Trustee for the estate of Thomas R. Heavey* |

29159749v3

APPEAL

# U.S. District Court
## Eastern District of New York (Brooklyn)
### CIVIL DOCKET FOR CASE #: 1:16-cv-01665-BMC

397 Realty LLC v. Pereira
Assigned to: Judge Brian M. Cogan
Case in other court: BK, 1-15-01064
Cause: 28:1334 Bankruptcy Appeal

Date Filed: 04/05/2016
Date Terminated: 08/18/2016
Jury Demand: None
Nature of Suit: 422 Bankruptcy Appeal (801)
Jurisdiction: Federal Question

**Appellant**

397 Realty LLC

represented by **David H. Singer**
David H. Singer & Associates LLP
233 Broadway
Suite 810
New York, NY 10279-0815
212-233-8800
Fax: 212-385-4870
Email: ds225522@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Appellee**

**John S. Pereira**
*as Chapter 7 Trustee of the Estate of Thomas R. Heavey*

represented by **John P. Campo**
Troutman Sanders LLP
875 Third Avenue
New York, NY 10022
212-704-6075
Fax: 212-704-6288
Email: john.campo@troutmansanders.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/05/2016 | 1 | Notice of APPEAL FROM BANKRUPTCY COURT. Bankruptcy Court case number 1-15-01064., filed by 397 Realty LLC. (Attachments: # 1 Documents) (Bowens, Priscilla) (Entered: 04/07/2016) |
| 04/07/2016 |  | Notice that appeal from the Bankruptcy Court has been docketed. Parties shall file with the Bankruptcy Clerk their designations of items to be included in the record and statement of issues to be presented pursuant to Federal Rule of Bankruptcy Procedure 8009. (Bowens, Priscilla) (Entered: 04/07/2016) |
| 04/07/2016 | 2 | SCHEDULING ORDER/ NOTICE OF DOCKETING BANKRUPTCY APPEAL. ( Ordered by Judge Brian M. Cogan on 4/7/2016 ) (Guzzi, Roseann) (Entered: 04/07/2016) |
| 05/20/2016 | 3 | Transmittal of Additional Record on Appeal. Bankruptcy Court case number 1-15-01064-nhl, filed by John S. Pereira. (Attachments: # 1 Transmittal of Additional Record on Appeal, # 2 Transmittal of Additional Record on Appeal, # 3 Transmittal of Additional Record on Appeal) (Brown, Marc) (Entered: 05/20/2016) |
| 06/07/2016 | 4 | Notice of Bankruptcy Record Received. Notice to all parties, in accordance with Federal Rule of Bankruptcy Procedure 8010(b)(3), that the record has been received or is available electronically. Parties shall now follow briefing schedule as set forth in Federal Rule of Bankruptcy Procedure 8018. Specifically, appellant must serve and file a brief within 30 days of this notice, the appellee must serve and file a brief within |

| | | |
|---|---|---|
| | | 30 days after service of the appellants brief, and the appellant may serve and file a reply brief within 14 days after service of the appellees brief, but a reply brief must be filed at least 7 days before scheduled argument. (Attachments: # 1 1 Claim, # 2 2 Order, # 3 36 Appellant Designation & Statement) (Bowens, Priscilla) (Entered: 06/07/2016) |
| 06/22/2016 | | ORDER TO SHOW CAUSE. The docket reflects that both sides did not meet the schedule that was set in the Scheduling Order 2 dated 4/7/2016. The parties are therefore ordered to show cause by 6/29/16 why sanctions should not be imposed for ignoring this Court's Order. Ordered by Judge Brian M. Cogan on 6/22/2016. (Weisberg, Peggy) (Entered: 06/22/2016) |
| 06/24/2016 | 5 | Appellant's BRIEF by 397 Realty LLC. Appellee Brief due by 7/25/2016. (Singer, David) (Entered: 06/24/2016) |
| 06/28/2016 | 6 | AFFIDAVIT/AFFIRMATION *of David H. Singer, pursuant to Order to Show Cause dated June 22, 2016.* by 397 Realty LLC (Singer, David) (Entered: 06/28/2016) |
| 06/29/2016 | 7 | REPLY in Opposition re 2 Order, Order to Show Cause, *and extension of deadline to file brief until July 25, 2016* filed by John S. Pereira. (Koerner, Scott) (Entered: 06/29/2016) |
| 06/30/2016 | | ORDER re: 7 . Appellee's brief shall be served and filed by 7/25/2016; appellant shall serve and file a reply brief within 14 days after service of appellee's brief. Ordered by Judge Brian M. Cogan on 6/30/2016. (Weisberg, Peggy) (Entered: 06/30/2016) |
| 07/25/2016 | 8 | Appellee's BRIEF by John S. Pereira. (Koerner, Scott) (Entered: 07/25/2016) |
| 07/25/2016 | 9 | Appellee's BRIEF by John S. Pereira. (Attachments: # 1 Appendix 1-16, # 2 Appendix 17-38, # 3 39-71, # 4 Appendix 72-91, # 5 Appendix 92-104, # 6 Appendix 105-131, # 7 Appendix 132-143, # 8 Appendix 144-169, # 9 Appendix 170-178, # 10 Appendix 179-277, # 11 Appendix 278-296, # 12 Appendix 297-309, # 13 Appendix 310-391, # 14 Appendix 392-406, # 15 Appendix 407-418, # 16 Appendix 419-442, # 17 Appendix 443-467, # 18 Appendix 517-524, # 19 Appendix 525-535, # 20 Appendix 536-550, # 21 Appendix 551-572) (Koerner, Scott) (Entered: 07/25/2016) |
| 08/08/2016 | 10 | Appellant's REPLY BRIEF by 397 Realty LLC. (Singer, David) (Entered: 08/08/2016) |
| 08/13/2016 | 11 | **SUMMARY DISPOSITION OF BANKRUPTCY APPEAL.** The Order and Judgment of the Bankruptcy Court is REVERSED as to its holding on the automatic stay, and otherwise AFFIRMED. Ordered by Judge Brian M. Cogan on 8/13/2016. (Cogan, Brian) (Entered: 08/13/2016) |
| 08/18/2016 | 12 | CLERK'S JUDGMENT dated 8/17/16 that The Order and Judgment of the Bankruptcy Court is REVERSED as to its holding on the automatic stay, and otherwise AFFIRMED. ( Ordered by Janet Hamilton, Deputy Clerk on behalf of Douglas C. Palmer, Clerk of Court on 8/17/2016 ) (Guzzi, Roseann) (Entered: 08/18/2016) |
| 09/12/2016 | 13 | NOTICE OF APPEAL as to 12 Clerk's Judgment, 11 Memorandum & Opinion by John S. Pereira. Filing fee $ 505, receipt number 0207-8904597. Appeal Record due by 9/26/2016. (Campo, John) (Entered: 09/12/2016) |
| 09/13/2016 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 13 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 09/13/2016) |

# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THOMAS R. HEAVEY,<br><br>Debtor. | Chapter 7<br>Case No. 14-46201 (NHL) |
| JOHN S. PEREIRA, as chapter 7 trustee for the estate of Thomas R. Heavey,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>397 REALTY LLC,<br><br>Defendant-Appellant. | Civil Case No. 16 Civ. 1665 (BMC)<br><br>Appeal Arising from Chap. 7 Case No. 14-46201 (NHL) and Adv. No. 15-01064 (NHL) |

**NOTICE OF CROSS-APPEAL**

PLEASE TAKE NOTICE that Defendant-Appellant, 397 Realty LLC, in the above-captioned proceeding, hereby appeals to the United States Court of Appeals for the Second Circuit from that portion of the Summary Disposition of Bankruptcy Appeal [Dkt. No. 11] and that portion of the Judgment [Dkt. No. 12] entered in this action on August 13, 2016, and August 18, 2016, respectively, to the extent such decision and judgment affirmed the order and judgment of the Bankruptcy Court for the Eastern District of New York with respect to the absence of constructive notice, the post-petition docketing of the lien, and the extension of the automatic stay to non-debtor Staci Weber's interest in the subject real property. Copies of the Summary Disposition and Judgment are attached hereto as Exhibits A, and B, respectively.

Dated:   New York, New York
           September 27, 2016

                                      **DAVID H. SINGER**
                                      **& ASSOCIATES, LLP**

                                      By: */s/ David H. Singer*
                                          David H. Singer
                                          233 Broadway, Suite 810
                                          New York, New York 10279
                                          Tel.: (212) 233-8800
                                          Fax: (212) 385-4870

                                      *Attorneys for Defendant-Appellant,*
                                      *397 Realty LLC*

APPEAL

# U.S. District Court
## Eastern District of New York (Brooklyn)
### CIVIL DOCKET FOR CASE #: 1:16-cv-01665-BMC

397 Realty LLC v. Pereira  
Assigned to: Judge Brian M. Cogan  
Case in other court: BK, 1-15-01064  
Cause: 28:1334 Bankruptcy Appeal

Date Filed: 04/05/2016  
Date Terminated: 08/18/2016  
Jury Demand: None  
Nature of Suit: 422 Bankruptcy Appeal (801)  
Jurisdiction: Federal Question

**Appellant**

397 Realty LLC      represented by **David H. Singer**  
David H. Singer & Associates LLP  
233 Broadway  
Suite 810  
New York, NY 10279-0815  
212-233-8800  
Fax: 212-385-4870  
Email: ds225522@aol.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Appellee**

**John S. Pereira**      represented by **John P. Campo**  
*as Chapter 7 Trustee of the Estate of*      Troutman Sanders LLP  
*Thomas R. Heavey*      875 Third Avenue  
New York, NY 10022  
212-704-6075  
Fax: 212-704-6288  
Email: john.campo@troutmansanders.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/05/2016 | 1 | Notice of APPEAL FROM BANKRUPTCY COURT. Bankruptcy Court case number 1-15-01064., filed by 397 Realty LLC. (Attachments: # 1 Documents) (Bowens, Priscilla) (Entered: 04/07/2016) |
| 04/07/2016 |   | Notice that appeal from the Bankruptcy Court has been docketed. Parties shall file with the Bankruptcy Clerk their designations of items to be included in the record and statement of issues to be presented pursuant to Federal Rule of Bankruptcy Procedure 8009. (Bowens, Priscilla) (Entered: 04/07/2016) |
| 04/07/2016 | 2 | SCHEDULING ORDER/ NOTICE OF DOCKETING BANKRUPTCY APPEAL. ( Ordered by Judge Brian M. Cogan on 4/7/2016 ) (Guzzi, Roseann) (Entered: 04/07/2016) |
| 05/20/2016 | 3 | Transmittal of Additional Record on Appeal. Bankruptcy Court case number 1-15-01064-nhl, filed by John S. Pereira. (Attachments: # 1 Transmittal of Additional Record on Appeal, # 2 Transmittal of Additional Record on Appeal, # 3 Transmittal of Additional Record on Appeal) (Brown, Marc) (Entered: 05/20/2016) |
| 06/07/2016 | 4 | Notice of Bankruptcy Record Received. Notice to all parties, in accordance with Federal Rule of Bankruptcy Procedure 8010(b)(3), that the record has been received or is available electronically. Parties shall now follow briefing schedule as set forth in Federal Rule of Bankruptcy Procedure 8018. Specifically, appellant must serve and file a brief within 30 days of this notice, the appellee must serve and file a brief within |

| | | |
|---|---|---|
| | | 30 days after service of the appellants brief, and the appellant may serve and file a reply brief within 14 days after service of the appellees brief, but a reply brief must be filed at least 7 days before scheduled argument. (Attachments: # 1 1 Claim, # 2 2 Order, # 3 36 Appellant Designation & Statement) (Bowens, Priscilla) (Entered: 06/07/2016) |
| 06/22/2016 | | ORDER TO SHOW CAUSE. The docket reflects that both sides did not meet the schedule that was set in the Scheduling Order 2 dated 4/7/2016. The parties are therefore ordered to show cause by 6/29/16 why sanctions should not be imposed for ignoring this Court's Order. Ordered by Judge Brian M. Cogan on 6/22/2016. (Weisberg, Peggy) (Entered: 06/22/2016) |
| 06/24/2016 | 5 | Appellant's BRIEF by 397 Realty LLC. Appellee Brief due by 7/25/2016. (Singer, David) (Entered: 06/24/2016) |
| 06/28/2016 | 6 | AFFIDAVIT/AFFIRMATION *of David H. Singer, pursuant to Order to Show Cause dated June 22, 2016.* by 397 Realty LLC (Singer, David) (Entered: 06/28/2016) |
| 06/29/2016 | 7 | REPLY in Opposition re 2 Order, Order to Show Cause, *and extension of deadline to file brief until July 25, 2016* filed by John S. Pereira. (Koerner, Scott) (Entered: 06/29/2016) |
| 06/30/2016 | | ORDER re: 7 . Appellee's brief shall be served and filed by 7/25/2016; appellant shall serve and file a reply brief within 14 days after service of appellee's brief. Ordered by Judge Brian M. Cogan on 6/30/2016. (Weisberg, Peggy) (Entered: 06/30/2016) |
| 07/25/2016 | 8 | Appellee's BRIEF by John S. Pereira. (Koerner, Scott) (Entered: 07/25/2016) |
| 07/25/2016 | 9 | Appellee's BRIEF by John S. Pereira. (Attachments: # 1 Appendix 1-16, # 2 Appendix 17-38, # 3 39-71, # 4 Appendix 72-91, # 5 Appendix 92-104, # 6 Appendix 105-131, # 7 Appendix 132-143, # 8 Appendix 144-169, # 9 Appendix 170-178, # 10 Appendix 179-277, # 11 Appendix 278-296, # 12 Appendix 297-309, # 13 Appendix 310-391, # 14 Appendix 392-406, # 15 Appendix 407-418, # 16 Appendix 419-442, # 17 Appendix 443-467, # 18 Appendix 517-524, # 19 Appendix 525-535, # 20 Appendix 536-550, # 21 Appendix 551-572) (Koerner, Scott) (Entered: 07/25/2016) |
| 08/08/2016 | 10 | Appellant's REPLY BRIEF by 397 Realty LLC. (Singer, David) (Entered: 08/08/2016) |
| 08/13/2016 | 11 | **SUMMARY DISPOSITION OF BANKRUPTCY APPEAL.** The Order and Judgment of the Bankruptcy Court is REVERSED as to its holding on the automatic stay, and otherwise AFFIRMED. Ordered by Judge Brian M. Cogan on 8/13/2016. (Cogan, Brian) (Entered: 08/13/2016) |
| 08/18/2016 | 12 | CLERK'S JUDGMENT dated 8/17/16 that The Order and Judgment of the Bankruptcy Court is REVERSED as to its holding on the automatic stay, and otherwise AFFIRMED. ( Ordered by Janet Hamilton, Deputy Clerk on behalf of Douglas C. Palmer, Clerk of Court on 8/17/2016 ) (Guzzi, Roseann) (Entered: 08/18/2016) |
| 09/12/2016 | 13 | NOTICE OF APPEAL as to 12 Clerk's Judgment, 11 Memorandum & Opinion by John S. Pereira. Filing fee $ 505, receipt number 0207-8904597. Appeal Record due by 9/26/2016. (Campo, John) (Entered: 09/12/2016) |
| 09/13/2016 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 13 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 09/13/2016) |
| 09/27/2016 | 14 | NOTICE OF CROSS APPEAL by 397 Realty LLC. Filing fee $ 505, receipt number 0207-8945351. Appeal Record due by 10/11/2016. (Attachments: # 1 Exhibit A: Opinion dated Aug. 13, 2016, # 2 Exhibit B: Clerk's Judgment dated Aug. 17, 2016) (Singer, David) (Entered: 09/27/2016) |